# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-CR-45-CJW-MAR |
| Plaintiff, | |
| vs. | **ORDER DENYING** |
| SEAN JAREL WILLIAMS, | **MOTION TO SEVER** |
| Defendant. | |

_____

## I.    INTRODUCTION

This matter is before the Court on defendant Sean Williams' Motion to Sever Defendants for Trial.  (Doc. 98).  The government timely resisted the motion.  (Doc. 101).  For the following reasons, defendant's motion is **denied**.

## II.    RELEVANT BACKGROUND

On April 24, 2019, a grand jury returned an Indictment charging defendant and six others in a twelve-count indictment.  (Doc. 8).  Count 1 charges all of the named defendants with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846.  Counts 2 and 3 charge Cortez Nelson with distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a).  Counts 4 through 8 charge defendant's brother, Jarel Williams, with distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  Count 9 charges Devonte Horton with distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  Counts 10 and 11 charge Dewon Meeks with distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  And Count 12 charges Walter Murray with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

### III. ANALYSIS

Defendant Sean Williams moves to sever his trial from that of his co-defendants, citing Rule 14(a) of the Federal Rules of Criminal Procedure. (Doc. 98, at 1). Rule 14(a) permits relief from prejudicial joinder:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). A defendant attempting to establish prejudice under Rule 14(a) "carries a heavy burden." *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010) (quoting *United States v. Swinney*, 970 F.2d 494, 500 (8th Cir. 1992)). Joint trials "promote efficiency" and "play a vital role in the criminal justice system." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). The Eighth Circuit Court of Appeals explained the rationale for placing a "heavy burden" on defendant to show real and clear prejudice:

> The danger of prejudice to a defendant is inherent in any proceeding in which the Government tries a single defendant for multiple crimes. For example, a jury may improperly use evidence of one crime to infer that a defendant committed another offense. Indeed, a jury may cumulate evidence to find guilt on all crimes, whereas it would not have found guilt on any crime, if it had considered the offenses separately. Only in an unusual case, however, will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder. Accordingly, separate trials are required only where prejudice caused by a joint trial is severe or compelling.

*United States v. Kirk*, 528 F.3d 1102, 1107-08 (8th Cir. 2008) (internal citations and quotation marks omitted).

As noted, defendant is charged in Count 1 with conspiring with his co-defendants to distribute controlled substances. "The general rule is that co-conspirators should be

tried together." *United States v. Adams*, 401 F.3d 886, 895 (8th Cir. 2005) (citation omitted). In conspiracy cases, "severance will rarely, if ever, be required." *United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1993). Thus, defendant's burden here, is even heavier because he begins with a stronger presumption that he should be tried together with his co-conspirators.

A defendant may meet the heavy burden of establishing a prejudicial joinder by showing that "(a) his [or her] defense is irreconcilable with that of his [or her] co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *United States v. Sanchez-Garcia*, 685 F.3d 745, 754 (8th Cir. 2012) (quoting *United States v. Davis*, 534 F.3d 903, 916–17 (8th Cir. 2008)).

Defendant argues that there is "the potential for mutually antagonistic defenses" because the defendants will be "pointing the finger at each other." (Doc. 98-1, at 3-4). Defendant has not actually identified his defense or that of any co-defendant that he claims are mutually antagonistic. Defendant's claim of conflicting defenses is vague and speculative. A district court may grant severance "only upon a showing of *real* prejudice to an individual defendant" if the defendant is jointly tried. *United States v. Payton*, 636 F.3d 1027, 1037 (8th Cir. 2011) (emphasis added) (internal quotation marks omitted) (quoting *Sandstrom*, 594 F.3d at 644).

In any event, severance is not required when co-defendants merely have conflicting defenses. *Zafiro*, 506 U.S. at 538-39. As the Eighth Circuit Court of Appeals has explained, a situation where co-defendants point fingers at each other is not a case of mutually antagonistic defenses that mandates severance.

> [C]o-defendants are often hostile to one another, and one will try frequently to "point the finger," to shift the blame, or to save himself at the expense of the other. "Antagonistic" defenses require severance only when there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.

3

*United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996). Thus, defendant has failed to carry his heavy burden of showing that his defense is so irreconcilably in conflict with that of his co-defendants that the jury would unjustifiably infer that they are all guilty.

Defendant argues that the jury will be unable to compartmentalize the evidence for two reasons. First, defendant argues that the government's discovery materials suggests that there is far more evidence against his co-defendants than against him, and defendant is concerned about the danger of guilty by association. (Doc. 98-1, at 3). The government, on the other hand, explains that the evidence against defendant and his co-conspirators is significantly intertwined, involving the group use of a telephone controlled by defendant. (Doc. 101, at 6-7). Second, defendant argues that the jury will be confused by the similarities between his name, Sean Jarel Williams, and his brother's name, Jarel Shawn Williams. (Doc. 98-1, at 3).

Severance is not required simply because the evidence against co-defendants may be more damaging. *United States v. Pou*, 953 F.2d 363, 369 (8th Cir. 1992). Disparity in the weight of the evidence as between parties also does not entitle a defendant to severance. *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992). Similarly, a defendant's limited involvement in a conspiracy does not warrant severance. *United States v. Kaminski*, 692 F.2d 505, 520 (8th Cir. 1982). Nor is a defendant entitled to a severance on the ground that all of the evidence will not be admissible against him. *United States v. Sparks*, 949 F.2d 1023, 1027 (8th Cir. 1991). Defendant implies that he could fair better with the jury if he were tried alone. The Supreme Court has explained, however, that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540. Rather, a district court is to grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.*, at 539. Defendant has

failed to show that the evidence against him and his co-conspirators is so disproportionate or disparate that there is any serious risk that the jury would be unable to make a reliable judgment about defendant's guilt.

Defendant's argument that the jury will be confused by the similarities in his and his brother's names is speculative, but is also easily remedied. There is no apparent need for the parties to employ each defendant's full name. By omitting the two defendants' middle names, defendant becomes Sean Williams and his brother/co-defendant Jarel Williams. Omitting the middle names removes the danger of confusion. Defendant has not claimed that the two brothers are twins or that witnesses or juror will be unable to distinguish between them. *Cf. United States v. Monge*, CR-10-863-TUC-RCC (CRP), 2011 WL 13176072, at * 2 (D. Az. July 14, 2011) (granting a motion to sever when the defendants were identical twins with very similar names). If for some reason unknown to the Court it is necessary on occasion for the parties to refer to these two defendants' full names, then the Court can address any potential confusion through an appropriate instruction. "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.'" *Davis*, 534 F.3d at 917 (quoting *United States v. Mickelson*, 378 F.3d 810, 817–18 (8th Cir. 2004)). Jurors are presumed to follow such instructions. *United States v. Chipps*, 410 F.3d 438, 449 (8th Cir. 2005).

## *IV.   CONCLUSION*

For the foregoing reasons, defendant's Motion to Sever (Doc. 98) is **denied**.

**IT IS SO ORDERED** this 9th day of July, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa